*Sachs, for appellant.*

*Quigley, for appellees.*

---

## SALATHIEL BURRIES *v.* SAMUEL AGNEW.

**Fences—Joining—Notice.**

If it should be concluded that the gate stood on appellant's land, still by his permitting appellee to join his fence to the gate and thereby enclose his land, he could not legally enter and remove the gate without reasonable notice to the appellee.

APPEAL FROM LEWIS CIRCUIT COURT.

March 6, 1873.

OPINION BY JUDGE PETERS:

This is an action of trespass quare clausum fregit, and which the evidence conduces to the conclusion that the gate which appellant removed was on his land, it is also shown that the parties had by mutual consent made, or permitted a lane to remain, which had been previously made between their two tracts of land, and had at the end of the land next the Ohio River erected a gate, and by permission appellee had joined his fence up to the gate so as to

inclose his land, and protect it thereby from the intrusion of stock.

If, then, it be concluded that the locus in quo be the freehold of appellant still by his permitting appellee to join his fence to the gate and thereby inclose his land, he could not legally enter and remove the gate without reasonable notice to the appellee that he would acquiesce no longer.

*Shean v. Withers,* 12 B. M. 441.

Appellants might have pleaded not guilty and also liberum tenementum. The first section or paragraph of the answer could scarcely be regarded as a plea of not guilty—and under the second paragraph he had all the benefit of a plea of liberum tenementum. He was not therefore prejudiced by the ruling of the court in regard to the answer, the instructions of the court given for appellee conforms to our view of the law of the case and were properly given and the one asked for by appellant properly refused.

Wherefore the judgment must be affirmed.

*Ireland, for appellant.*

*Phister, Thomas, for appellee.*